IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ELK ENERGY HOLDINGS, LLC,** | |
| Plaintiff, | |
| v. | Case No. 22-1057-DDC-KGG |
| **LIPPELMANN PARTNERS, LLC, et al.,** | |
| Defendants, | |
| and | |
| **TONY KAWAGUCHI, et al.,** | |
| Cross-claimants, | |
| v. | |
| **LIPPELMANN PARTNERS, LLC, et al.,** | |
| Cross-defendants. | |

**MEMORANDUM AND ORDER**

In response to the court's Order to Show Cause (Doc. 63), plaintiff requests the court to either (1) allow it to amend its Complaint to invoke jurisdiction under 28 U.S.C. § 1335 or, alternatively, (2) order defendant Lippelmann Partners, LLC to submit a Rule 7.1 Disclosure Statement to ascertain the citizenship of all its members subject to this interpleader action—to establish diversity jurisdiction under 28 U.S.C. § 1332.  Doc. 64.  Defendants Lippelmann Partners, LLC and Jason Gilbert have filed a Response opposing plaintiff's request (Doc. 67). They argue that the court should deny plaintiff's proposed amendment as futile because of the

parties' arbitration agreement.  Doc. 67.  The court can't yet reach that conclusion.  Thus, it grants plaintiff's request to amend its Complaint to invoke jurisdiction under 28 U.S.C. § 1335.

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  The court thus may "permit[] amendment of 'incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.'"  *Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 314 (10th Cir. 2007) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)).  Section 1653 seeks "'to avoid dismissals on technical grounds.'"  *Daneshvar*, 237 F. App'x at 314–15 (quoting *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971)); *see also Brennan*, 451 F.2d at 1289 ("The power of the [] court to correct defective jurisdictional allegations concerns defects of form, not substance.").

Plaintiff brought this action as a "Complaint for Interpleader pursuant to Fed. R. Civ. P. 22[.]"  Doc. 1 at 1.  Thus, allowing it to amend the Complaint to invoke jurisdiction under 28 U.S.C. § 1335 will correct a defect of "form, not substance" and thus avoid dismissal on technical grounds.  The court grants plaintiff's motion to allow it to amend its Complaint to invoke jurisdiction under 28 U.S.C. § 1335 (Doc. 64).  Plaintiff must amend its Complaint accordingly within 14 days of this Order.  The court denies the motion's alternative request—to order defendant Lippelmann Partners, LLC to submit a Rule 7.1 Disclosure Statement—as moot.

The amended jurisdictional allegations don't influence the motions pending before the court—cross-claimants' Motion for Preliminary Injunction (Doc. 34) and defendants' Motions to Dismiss (Docs. 27 & 59).  Thus, the court is prepared to decide these issues on the current papers without the parties' refiling their motions in response to the anticipated amended complaint.  Unless any party objects, the court will apply the briefing the parties submitted on these pending

motions to the claims the court anticipates plaintiff will reassert in its amended complaint because it will supersede the earlier-filed pleadings. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect[.]" (citation and internal quotation marks omitted)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion (Doc. 64) is granted in part, and denied in part, as explained in this Order.

**IT IS SO ORDERED.**

**Dated this 1st day of May, 2023, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
