IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ELK ENERGY HOLDINGS, LLC,**

                **Plaintiff,**

v.

**LIPPELMANN PARTNERS, LLC, et al.,**

                **Defendants.**

Case No. 22-1057-DDC-BGS

## **MEMORANDUM AND ORDER**

This matter comes before the court on a Motion for Voluntary Dismissal (Doc. 90). T. Chris Knowles filed the motion—allegedly on behalf of plaintiff Elk Energy Holding LLC's—asserting that plaintiff seeks to dismiss this case. According to Mr. Knowles, plaintiff "no longer contends it faces any threat of multiple liability and no longer desires to prosecute this action." Doc. 90 at 1. The motion is signed by Mr. Knowles as CEO of Elk Energy Holdings, LLC. But, as far as the court can tell, Mr. Knowles isn't an attorney. That's a problem.

Plaintiff is a business entity. "Business entities appearing as parties in federal court must be represented by an attorney." *Zimmerling v. Affinity Fin. Corp.*, 478 F. App'x 505, 508 (10th Cir. 2012); *see also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556–57 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."). So, Mr. Knowles can't represent plaintiff because he's not an attorney. The law in our Circuit and this district prohibits a person not admitted to practice law from representing or otherwise acting on behalf of another person. *Perry v. Stout*, 20 F. App'x 780, 782 (10th Cir. 2001) ("Non-attorney pro se litigants cannot

represent other pro se parties."); 28 U.S.C § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel[.]"). And our local rules provide that only enrolled attorneys may appear or practice in this court. D. Kan. Rule 83.5.1(c). Plaintiff has retained counsel who entered an appearance in the case. *See* Doc. 89.

Indeed, plaintiff's counsel has taken a position on Mr. Knowles's filing. Counsel responded to the Motion for Voluntary Dismissal, and, in that response, called the motion "unauthorized," and asked the court to strike it. Doc. 91 at 2. Plaintiff's counsel also confirms that Mr. Knowles isn't an attorney. *Id.* What, then, to do with Mr. Knowles's filing? The court agrees with plaintiff's counsel that it must strike the filing. *See Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (affirming district court's striking of a motion filed by non-attorney as "improperly filed" because local rules prohibit it); *Nato Indian Nation v. Utah,* 76 F. App'x 854, 857 (10th Cir. 2003) (affirming district court's striking of docketing statement and portion of brief filed by a non-attorney because the "district judge was correct in refusing to allow non-lawyers to practice law"); *Leal v. Diaz*, No. 17-CV-00946, 2019 WL 2060852, at *1 (D. Colo. May 9, 2019) (overruling plaintiff's objection to magistrate judge who warned plaintiff that any future filings drafted and submitted by a non-attorney and non-party to the case were "subject to being stricken without further notice" (internal quotation marks and citation omitted)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** the "Motion for Voluntary Dismissal" (Doc. 90) be stricken from the CM/ECF record of this case. The court directs the Clerk to terminate the motion without any further action.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court is directed to mail a copy of this Memorandum and Order to T. Chris Knowles at the address he provided in Doc. 90.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2024, at Kansas City, Kansas.

                                          s/ Daniel D. Crabtree
                                          Daniel D. Crabtree
                                          United States District Judge