IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELK ENERGY HOLDINGS, LLC, | |
| **Plaintiff,** | Case No. 22-1057-DDC-BGS |
| v. | |
| LIPPELMANN PARTNERS, LLC, et al., | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

This interpleader action—now four years old—continues.  The court assumes the reader's familiarity with this case.[1]  The court's prior Memorandum and Order (Doc. 110) left open two questions about the list of defendants in this case.  One of these issues asked whether an unserved defendant, Philip Mosier, should remain in the case.  And the second issue asked whether Fed R. Civ. P. 19(a) views Great Plains Petroleum, LLC—an entity not currently a party—as a required party.  This Order decides these outstanding issues.[2]

### I.    Philip Mosier

The court previously flagged that plaintiff hadn't served Mosier properly.  Doc. 110 at 12–13.  And the court cautioned plaintiff that it would dismiss Mosier without prejudice if plaintiff failed to serve him within 30 days.  Doc. 115.  More than 30 days have passed, and

---

[1]    The court directs interested and uninformed readers to its earlier Memorandum and Order (Doc. 110).  *See also Elk Energy Holdings LLC v. Lippelmann Partners, LLC*, No. 22-1057-DDC-BGS, 2025 WL 2939005, at *1–3 (D. Kan. Oct. 16, 2025).

[2]    As the court has explained, Doc. 110 at 2 n.3, the court has dismissed the Amended Crossclaim in its entirety.  Doc. 72 at 16.  The court thus directs the Clerk of Court to terminate all cross claimants and cross defendants on the docket.  Just the interpleader action remains.

plaintiff hasn't served Mosier, so the court now dismisses defendant Philip Mosier without prejudice for failing to serve him.  *See* Fed. R. Civ. P. 4(m).

The court takes up the Great Plains Petroleum issue, next.

**II.    Great Plains Petroleum**

The court separately asked whether Great Plains Petroleum, LLC is a required party under Rule 19.  *See* Doc. 110 at 13–14.  The court invited supplemental briefing on the inquiry, *id.* at 14, and then deferred determining the issue until defendants had filed Answers, Doc. 115.  The court now resolves the issue.

Great Plains Petroleum isn't a required party.  That's so because an "absent party is not required under Rule 19 if its interests will be fairly represented by those already party to the lawsuit."  *Ctr. for Biological Diversity v. Pizarchik*, 858 F. Supp. 2d 1221, 1227 (D. Colo. 2012).  And here, Great Plains Petroleum's interests in this lawsuit are "'virtually identical'" to those of defendant Lippelmann Partners.  *Sac & Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1259 (10th Cir. 2001) (quoting *Rishell v. Janes Philips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1412 (10th Cir. 1996)).  As the parties have framed it, a central dispute in this interpleader action asks whether the member defendants' interest in the Lippelmann Lease was extinguished, and if so, when.  *Compare* Doc. 116 at 3–4 (asserting that member defendants "have always held" interests in Lippelmann Lease), *with* Doc. 117 at 8 (asserting that member defendants' interests extinguished after June 1, 2022).  Lippelmann Partners asserts that it assigned its interest in the Lippelmann Lease to Great Plains Petroleum on February 1, 2023.  Doc. 117 at 12.  So, Great Plains Petroleum seeks to establish that the member defendants have no right to lease proceeds generated after February 1, 2023.  Fortunately for Great Plains Petroleum, defendant Lippelmann Partners' interest encompasses this interest because Lippelmann Partners seeks to establish that the member defendants have no right to lease proceeds generated after June 1, 2022.

2

Nor is there a "substantial risk" that plaintiff will incur multiple liability if Great Plains Petroleum doesn't join this action.  Fed. R. Civ. P. 19(a)(1)(B)(ii).  Lippelmann Partners purports to have assigned its entire interest in the lease to Great Plains Petroleum.  *See* Doc. 117 at 12.  So the determination of the interest of Lippelmann Partners after June 1, 2022, will control the scope of Great Plains Petroleum's interest as well.  In short, Lippelmann Partners adequately represents Great Plains Petroleum's interest in this litigation.  The court thus declines sua sponte to find that Great Plains Petroleum is a required party.

Having resolved those two issues, the court now asks Magistrate Judge Brooks G. Severson to host a scheduling conference, issue an Amended Scheduling Order, and set this case for trial.[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Philip Mosier is dismissed without prejudice.

**IT IS FURTHER ORDERED THAT** the Clerk of Court terminate all cross claimants and cross defendants because no Crossclaim remains in this action.

**IT IS SO ORDERED.**

**Dated this 14th day of April, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

---

[3]      The member defendants' Answer asserts that four more unnamed members have a claim to the interpleaded funds.  Doc. 116 at 2.  These unnamed members are represented by the same counsel who represents the member defendants.  *Id.*  The court assumes that the member defendants adequately represent the interests of these unnamed members, and that these unnamed members have made a reasoned decision not to intervene in this action.