**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

ELK ENERGY HOLDINGS, LLC )
                                     )
        Plaintiff, )
                                       )
vs. )         Case No. 22-1057-DDC-BGS
                                       )
LIPPELMANN PARTNERS LLC, *et al.*, )
                                       )
        Defendants. )
                                       )

## ORDER DENYING *PRO SE* MOTION TO INTERVENE

Before the Court is a Motion to Intervene filed by *pro se* Movant, Sujit Gaikwad (hereinafter

"Movant"). (Doc. 120.) For the reasons set forth below, the motion is **DENIED**.

## I. Factual Background.

### A. Lawsuit Filed and Funds Interplead.

Plaintiff Elk Energy Holdings, LLC ("Plaintiff") operates the Lippelmann Oil and Gas Lease

("the lease"). Defendant Lippelmann Partners ("Defendant LP") owns an 85% working interest in

the lease. Plaintiff, as operator of the lease, oversees production of hydrocarbons from the lease,

selling those hydrocarbons to a purchaser. As the lease operator, Plaintiff receives payments for

hydrocarbons produced from the wells of the lease. Plaintiff then distributes a portion of the

proceeds of these sales to Defendant LP.

On February 28, 2022, Plaintiff filed a Complaint for Interpleader pursuant to Fed. R. Civ.

P. 22 and Declaratory Judgment against Defendant LP and its members ("member Defendants" [1])

after receiving requests to halt the payment of oil and gas revenue. (Doc. 1.) Therein, Plaintiff asks

---

[1] The member Defendants consist of Tony Kawaguchi, Luke Hofacker, Rajinikanth Gurusankarnath, Ron Hellwig, Raphael Ospina, Curtis McGhee, xSeed, LLC, Robert C. Gregg and Christine L. Gregg Trust, Jerry Davis, Investar Ventures, LLC, Cottonwood Resources, LLC, Banman Lippelmann, LLC, Philip Whitmore, Kim Wohlhuter, and Jewel Tankard. Robert Welenofsky was added in the Amended Crossclaim (Doc. 51), but has since been terminated as a party.

the Court to enter judgment declaring whether Defendant LP or the member Defendants has the right to oil lease revenue, the property at issue in the Interpleader. (*Id.* at 8.)

The case has had a lengthy procedural history, including a stay that was entered in January 2023 due to arbitration that was pending in New York state. (*See* Docs. 56, 58.) That stay was lifted in February 2025. (Doc. 98, text Order.) Additional procedural history for this case has been summarized in prior Orders of the Court, which are incorporated herein by reference. (*See e.g.* Doc. 110.) Of note is the fact that District Judge Daniel Crabtree reiterated that the Amended Crossclaim (Doc. 51) was dismissed in its entirety. (Doc. 110, at 2, n.3 (citing Doc. 72, at 6).) Thus, only the interpleader action (Doc. 71) currently remains in this litigation.

On February 23, 2026, more than a year after the stay was lifted in this case, Movant attempted to file a document entitled "Plaintiff Sujit Gaikwad's Notice of Supplemental Authority." (Doc. 119.) The District Judge rejected the filing due to Movant being a non-party to the case. (Doc. 118, text Order.)

Subsequently, on March 11, 2026, Movant filed the present Motion to Intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2). (Doc. 120.) Therein, Movant contends that he holds a joint and several final arbitration award (hereinafter the "Final Arbitration Award") dated May 2, 2025, between four separate arbitration respondents, Jason A. Gilbert, Gotham Resource Development Co., LLC, Defendant LP, and Great Plains Petroleum, LLC, that grants him $1,645,180.49 plus statutory interest from May 2, 2025, until paid. (Doc. 120, at 1-2; Doc. 120-1.) Only one of the arbitration respondents, Defendant LP, is a party to the present interpleader action.

Movant asserts that he has filed an action, which remains pending, to confirm the Final Arbitration Award in the Delaware Court of Chancery, Case No. 2025-1396-DG. (Doc. 120, at 2.) He alleges that once confirmed, he will become a judgment creditor of the Defendants which entitles him to a legally protected interest in the interpleaded funds. He contends that the existing

parties do not adequately represent that interest and that resolving the case without him could impair his ability to protect it.  Thus, he contends he has a right to intervene "to assert his claim to those funds and to prevent distribution of the funds without consideration of [his] rights as a creditor of those Defendants."  (*Id.*)

Defendant LP has filed a response in opposition to the motion (Doc. 123) as have member Defendants Tony Kawaguchi, Luke Hofacker, Rajinikanth Gurusankarnath, Raphael Ospina, Curtis McGhee, Robert C. Gregg and Christine L. Gregg Trust, Jerry Davis, Cottonwood Resources, LLC, Banman Lippelmann, LLC, Philip Whitmore, Kim Wohlhuter, and Robert Welenofsky[2] (hereinafter "member Defendants") (Doc. 125).  All Defendants oppose the motion by arguing that Movant does not satisfy the requirements for intervention pursuant to Fed. R. Civ. P. 24(a)(2) because he has failed to demonstrate "a direct and legally protectable interest" in these funds and his intervention is untimely.  (Doc. 123, at 2; *see also* Doc. 124, at 1.)

After the present motion was filed, the District Judge issued a Memorandum & Order, dismissing unserved defendant Philip Mosier from the case.  (Doc. 130, at 1-2.)  That Order also addressed the issue of whether Great Plains Petroleum is a required party to this litigation pursuant to Fed. R. Civ. P. 19, and determined that it is not.  (*Id.*, at 2-3.)  Last, it directed the Clerk to terminate all cross claimants and cross defendants because none remain in the case.  *Id.*

## II.    <u>Analysis.</u>

In the present motion, Movant seeks leave to intervene in this action per Fed. R. Civ. P. 24(a)(2) which  allows intervention of right to a person who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the

---

[2] The Court notes that Robert Welenofsky was added as a party to this case by the Amended Crossclaim.  (Doc. 51.)  As stated above, however, that has been dismiss in its entirety.  (Doc. 110, at 2, n.3 (citing Doc. 72, at 6).)  As such, Robert Welenofsky is no longer indicated as a party to this litigation.

action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The Court notes that the underlying motion filed by Movant does not argue entitlement to permissive intervention under Rule 24(b).  (*See generally* Doc. 120.)  His reply brief does, however, reference permissive intervention as an alternative argument.[3]  (Doc. 126, at 5, 9-10.)  Because Plaintiff failed to argue permissive intervention in his original motion, that argument has been waived and may not be raised for the first time in his reply brief.  *See State Farm Fire & Caus. Co. v. Bell*, No. 12–2456–KHV–KGG, 2013 WL 5530272, at n.2 (D. Kan. Oct. 4, 2013) (citing *Rice v. Deloitte Consulting LLP*, 2013 WL 3448198, *3 (D. Colo. July 9, 2013)) (citing *Alcohol Monitoring Sys. v. Actsoft, Inc.*, 682 F.Supp.2d 1237, 1242 (D. Colo. 2010) (holding that arguments not raised in an original motion, but rather addressed for the first time in a reply brief, are waived)); *see also Progressive Northwestern Ins. Co. v. Gant*, 15-9267-JAR-KGG, 2017 3378784, *3 (D. Kan. Aug. 4 2017).  Thus, the Court will not discuss or analyze permissive intervention.

To intervene as a matter of right under Rule 24(a)(2), a nonparty must establish the following factors: (1) timeliness; (2) a sufficient interest relating to the property or transaction at issue; (3) potential impairment of that interest; and (4) inadequate representation by existing parties.  *Barnes v. Security Life of Denver Ins. Co.*, 945 F. 3d 1112, 1121 (10th Cir. 2019); *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009).  These factors "are intended to 'capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation,' and '[t]hose factors are not rigid, technical requirements.' "  *WildEarth Guardians v. Nat'l Park Serv.*,

---

[3] The member Defendants have moved to strike Movant's reply brief, raising two arguments:  "the reply exceeds the page limitation provided by Local Rule 7.1(d)(3) and … the content of the reply brief and supplemental authority is improper as a reply memorandum."  (Doc. 128, at 2.)  As discussed above, the Court acknowledges that Movant's attempts to raise new arguments in the reply are improper.  Rather than strike the filing, the Court will simply not consider any newly raised arguments therein.  As to the member Defendants' argument that Movant has exceeded the page limitations for reply briefs, the Court also does not see this as a basis to strike the filing.  Given Movant's *pro se* status, the Court declines to strike the reply on such technical grounds.  The member Defendants' motion (Doc. 128) is, therefore, **DENIED**.

604 F.3d 1192, 1198 (10th Cir. 2010) (quoting *San Juan County v. United States*, 503 F.3d 1163, 1195 (10th Cir.2007) (*en banc*).

The Court notes that Movant's motion consists largely of factual allegations and conclusions, while it is short on legal argument. (*See generally* Doc. 120.) In opposition to the motion, Defendant LP argues that although Movant holds a final arbitration award against it (with a pending Delaware action to confirm that award), he does not satisfy the requirements for intervention pursuant to Fed. R. Civ. P. 24(a)(2) as to the funds deposited in the Court's registry in the present interpleader action. (*See generally* Doc. 123.) Defendant LP argues that Movant does not demonstrate "a direct and legally protectable interest" in these funds and he must demonstrate "more than a generalized economic stake" in the funds. Defendant LP also argues out that Movant's request is untimely because he could have intervened four years ago but chose not to do so until now. (*Id.*, at 2.) Finally, Defendant LP contends that while the proceeds being paid into the Court represent "an approximate amount equal to the current defendants' interest in the distribution of certain oil proceeds," Movant's interest has not been withheld over the last four years. (*Id.*, at 2.)

The member Defendants oppose the present motion on similar bases. They argue that "[t]here is no basis to suggest that a general judgment creditor of Defendants Gilbert or [Defendant LP] somehow acquire an interest in the specific res on deposit with the Court in this matter." (Doc. 125, at 3.) The member Defendants continue that Movant's attempt to intervene is untimely and he has failed to demonstrate any direct and legally protectable interest in the interplead funds.

Based on the Court's analysis herein, Movant has established only one of the four required Rule 24(a)(2) factors enumerated above. His motion must, therefore, fail. The Court will address these factors in turn.

**A. Timeliness**.

Both Defendant LP and the member Defendants argue that Movant's request to intervene is untimely. (*See* Doc. 123, at 5-6 and Doc. 125, at 3-4.) Regardless of the other three factors (enumerated *supra*), the present motion must fail if the Court determines that it was filed in an untimely manner. *See National Ass'n for Adv. Of Colored People v. New York*, 413 U. S. 345, 365-66, 93 S. Ct. 2591, 2603, 37 L.Ed.2d 648 (1973) (holding that even if other factors are satisfied, a motion to intervene must be denied if it is untimely). "Although the point to which the suit has progressed is one factor in the determination of timeliness, it is not solely dispositive. Timeliness is to be determined from all the circumstances." *Id.* (citation omitted). "The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances.' " *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418 (10th Cir.1984) (citations omitted)).

"The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained.' " *Utah Ass'n of Counties*, 255 F.3d at 1250 (citations omitted). A determination of timeliness is left to the discretion of the Court. *Id.* (citation omitted).

It is undisputed that more than four years passed from the filing of this case in February 2022 until Movant filed the present motion on March 11, 2026. Movant has made no attempt to describe or analyze the current stage of these interpleader proceedings and/or how his proposed intervention would impact this case; he merely states in a conclusory manner that "intervention will not delay or prejudice the adjudication of the rights of the existing parties because Movant seeks only to assert a claim to the funds already deposited in the Court's registry." (Doc. 120, at 3.) He

6

provides no explanation as to why it took him four years to move to intervene. Clearly under these circumstances, the length of time since Movant knew of his interest in the case weighs against a finding that the present motion was timely. *Utah Ass'n of Counties*, 255 F.3d at 1250.

Further, not only did Movant wait over four years to file the present motion, his stated interest in intervention is dependent upon litigation in another venue – Delaware. The fact that this other litigation is on-going creates risks of additional delay and other complications. This implicates the factor of prejudice to the existing parties, *id.*, particularly in light of the District Court's determination that "it's time to find a way to the end of this action" and "a faster track" following the conclusion of the arbitration. (Doc. 110, at 1, 10.)

As to unusual circumstances that would weigh in favor of finding his motion was timely, *Utah Ass'n of Counties*, 255 F.3d at 1250, Movant argues that the Court stayed the present case "specifically to allow arbitration to proceed." (Doc. 126, at 5.) The Court acknowledges the stay most likely impacted "the point to which the suit has progressed." *National Ass'n for Adv. Of Colored People*, 413 U. S. at 365-66. That stated, the Court is unpersuaded that this alone excuses a four-year delay in filing the present motion. Movant also argues that his "interest in these specific funds only became 'legally protectable' upon the issuance of the Final Arbitration Award." (Doc. 126, at 5.) Even so, the Final Arbitration Award was entered almost a year ago on May 2, 2025. (Doc. 120-1.) Considering the totality of the circumstances presented, Movant has failed to establish the timeliness factor. As such, his motion must fail as untimely.

Even if the Court were to assume that the present motion was filed in a timely manner, it must still fail based on the balance of the other three factors the Court is to consider – a sufficient interest relating to the property or transaction at issue; potential impairment of that interest; and inadequate representation by existing parties. *See generally Albert Inv. Co.*, 585 F.3d at 1391-94; *see also Barnes*, 945 F.3d at 1121. These remaining factors will be addressed in turn.

### B. Direct and Legally Protectable Interest.

Both Defendant LP and the member Defendants argue that Movant has failed to demonstrate any such direct and legally protectable interest. (*See* Doc. 123, at 3-4 and Doc. 125, at 4.) The legally protectable interest is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *San Juan County*, 503 F.3d at 1195 (internal quotation marks and citation omitted). "The movant's claimed interest is measured in terms of its relationship to the property or transaction that is the subject of the action, not in terms of the particular issue before the district court." *WildEarth Guardians*, 604 F.3d, at 1198 (citing *Clinton*, 255 F.3d at 1252 (10th Cir.2001)).

The Court finds that Movant's asserted interest is not sufficiently direct as it is entirely reliant on a separate, pending confirmation proceeding. Movant himself highlights the prospective nature of his interest by alleging that he possesses a Final Arbitration Award which must be confirmed in his pending Delaware action. (Doc. 120, at 1-2; Doc. 126 at 2-3.) It is undisputed that if and when that award is confirmed, Movant will be a judgment creditor. That stated, the "if" and "when" are imperative and speculative.

Based on the facts as asserted by Movant, his connection to the interpleaded funds does not constitute a present, non-contingent entitlement to the funds being adjudicated among existing claimants. Rather, it is a potential enforcement interest depending on the outcome of an independent confirmation action and, if permitted, a subsequent collection thereof. As Defendant LP asserts, Movants "own allegations show his asserted connection to the registry funds is derivative of (and contingent upon) later creditor remedies rather than a direct claim of ownership or entitlement to the interpleaded funds themselves." (Doc. 123, at 4.)

In basic terms, Movant has failed to allege a present assignment, lien, or specific legal entitlement to the subject funds. Rather, he merely seeks to protect his rights as a creditor and

alleges that the funds may be used to satisfy obligations.  This is not a direct and legally protectable claim to the funds at issue, but instead merely a generalized collection interest.  *See e.g. City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F. 3d 1038, 1042 (10th Cir. 1996) (holding a purported intervener's contingent interest in pending litigation is too attenuated and does not satisfy the "direct and substantial" requirement of Rule 24(a)(2) (citation omitted); *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 90 (10th Cir. 1993) (holding that a potential intervenor must show it has an interest in the proceedings that is " 'direct, substantial, and legally protectable.'").  *Cf. American Gen. Life Ins. Co. v. Henthorn*, No. 15-0108-MSK-NYW, 2015 WL 5579437, at *1-2 (D. Colo. Sept. 23, 2015) (denying motion to intervene, as not having a "sufficiently definite interest," brought by potential beneficiary of estate seeking insurance proceeds potentially owed to the estate).  Thus, Movant has failed to establish the direct and legally protected interest factor.

### C.  Practical Impairment.

Intervention of right pursuant to Fed. R. Civ. P. 24(a)(2) requires that "disposing of the action may as a practical matter impair or impede" the movant's ability to protect the interest claimed.  In the present motion, however, Movant indicates that the relief he seeks would come via the pending Delaware confirmation action followed by enforcement if he is confirmed as a creditor. Thus, if the present litigation results in distribution to existing claimants, Movant retains the ability to pursue confirmation and seek enforcement as to the underlying assets.

As discussed above, Movant's interest is merely a potential collection, not a "direct, substantial, and legally protectable" interest.  *Browner*, 9 F.3d at 90.  Thus, resolution of the interpleader does not necessarily prevent Movant from protecting his interest.  Rather, it simply impacts which assets Defendants retain once the case is resolved.  Further, as discussed above, the Final Arbitration Award is jointly and severally against four arbitration respondents – with only Defendant LP a party to the present interpleader action.  (Doc. 120-1.)  As such, Movant has failed

to demonstrate a practical impairment of his interest, as required by *Albert Inv. Co.*  Movant has therefore failed to establish the practical impairment factor.

### D.  Inadequate Representation.

The final *Albert Inv. Co.* factor for the Court to consider is whether the movant's interests are inadequately represented by the existing parties.  585 F.3d at 1391-92 (10th Cir. 2009).  " 'Although an applicant for intervention as of right bears the burden of showing inadequate representation, that burden is the 'minimal' one of showing that representation 'may' be inadequate.' "  *Utah Ass'n of Counties*, 255 F.3d at 1254 (citations omitted);  *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972)).  "The possibility that the interests of the applicant and the parties may diverge 'need not be great' in order to satisfy this minimal burden."  *Utah Ass'n of Counties*, 255 F.3d at 1254 (citing *Natural Res. Def. Council v. United States Nuclear Reg. Comm'n*, 578 F.2d 1341, 1346 (10th Cir.1978)).

Movant merely alleges that his "interest is not adequately represented by the existing parties," but does not explain or substantiate this.  (Doc. 120, at 2.)

Defendant LP argues, however, that Movant's "asserted objective of maximizing the amount of money available to the award-debtors from the interpleader fund, aligns with the award-debtors' own financial incentives to claim and maximize their share of the interpleaded funds."  (Doc. 123, at 5.)  In his reply, Movant extrapolates that Defendant LP "seeks to receive the funds and potentially shield them from creditors; Movant seeks recovery from them – Because their objectives are 'divergent' and 'potentially adverse,' [Defendant LP] cannot, as a matter of law, adequately represent Movant."  (Doc. 126, at 5.)

The Tenth Circuit has consistently held that when the interests at issue overlap yet diverge, the inadequate representation prong is satisfied.  For instance, the Tenth Circuit has found inadequate representation for Rule 24(a)(2) analysis when a federal agency attempts to represent the

10

interests of both public generally and those of a private party seeking intervention.  *See, e.g., Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir.2002) ("[I]n such a situation the government's prospective task of protecting 'not only the interest of the public but also the private interest of the petitioners in intervention' is 'on its face impossible' and creates the kind of conflict that 'satisfies the minimal burden of showing inadequacy of representation.' " (citation omitted)); *Clinton*, 255 F.3d at 1256 (no adequate representation where government was "obligated to consider a broad spectrum of views, many of which may conflict with the particular interest of the would-be intervenor"); *National Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir.1977) (inadequate representation found in situation wherein Interstate Commerce Commission was attempting to protect "not only the interest of the public but also the private interest of the petitioners in intervention").

Thus, it follows that the interest of Defendants in this action – to maximize and obtain their own recovery herein – is potentially adverse to Movant's stated objective.  This is particularly true given the "minimal" burden to show that that representation "'may" be inadequate.  *Utah Ass'n of Counties*, 255 F.3d at 1254 (citations omitted).  While the Court finds that Movant has established this factor, on balance considering all of the factors – particularly the untimeliness of his motion – Movant's request to intervene (Doc. 120) must fail.

IT IS THEREFORE ORDERED that the Motion to Intervene (Doc. 120) filed by Movant Sujit Gaikwad is **DENIED** for the reasons set forth above.

IT IS FURTHER ORDERED that the member Defendants' Motion to Strike Movant's reply brief (Doc. 128) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 30th day of April, 2026.

11

/s/BROOKS G. SEVERSON

Brooks G. Severson
United States Magistrate Judge